I concur in the decision as to Assignment of Error I, but believe much of the discussion is unnecessary. Appellant has cited no law in support of his proposition that the State must show a particularized need before using Grand Jury testimony, and I do not believe he has demonstrated that a change in the law is warranted. Further, appellant did not demonstrate plain error in the use of Grand Jury testimony by the State. As to Chesney, appellant has demonstrated no prejudice from any discussion of immunity concerning hiding the knife. As to Chesney's testimony concerning appellant's indication that he cut a "couple people," appellant himself testified two people had been stabbed. As to the testimony of Chance, his actual Grand Jury testimony was not presented, and he testified that he did not recall what he told the Grand Jury. Appellant has not demonstrated plain error in the State's questioning concerning what Chance told the Grand Jury. As to Assignments of Error V and VI, the new sentencing guidelines found in Revised Code Chapter 2929 require the court to make certain findings and state its reasons before imposing consecutive sentences and the maximum sentence:
(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
(c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences;
(e) If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term. R.C.2929.19 (B)(2) (c), (e).
I believe the safest practice would be for the trial court to include in its written judgment entry specific findings of fact and reasons supporting the imposition of maximum and/or consecutive sentences, based on the statutory criteria. However, the Ohio Supreme Court has held in State v. Edmonson (1999),86 Ohio St.3d 324, 326, that the record of the sentencing hearing must reflect that the court found either or both of the statutorily sanctioned reasons for exceeding the minimum term of incarceration. Further, the Edmonson court looked to the transcript of the sentencing hearing, and specifically the court's oral pronouncements from the bench, to determine that the requisite findings were not made. Id. at 327. It therefore appears from Edmonson that the court is not required to state its findings and reasons in a written judgment entry. Where the court makes the requisite findings on the record at the hearing, and states reasons for such findings if so required, our task on appellate review is to analyze such findings to determine if they constitute legally sufficient criteria to justify imposition of the maximum and/or consecutive sentence. The dilemma facing Courts of Appeals throughout the state is the uncertainty of whether our appellate review is de novo, or if we are to give some deference to the findings of fact made by the trial court, who has had the opportunity to observe the demeanor of witnesses and to judge their credibility. For example, in the instant case, the court made a finding that appellant poses the greatest likelihood to re-offend, therefore justifying the maximum sentence. In the transcript of the hearing, the court states that he is basing this decision in part on the lack of remorse on the part of appellant. Tr. 4-5. The trial court is in a much better position to determine the lack of remorse, having observed the demeanor of appellant during the entire course of the trial and sentencing hearing, than is this court, reviewing only a cold record. Turning to the specific issues presented by this case, I concur with the majority that as to imposition of the maximum sentence, the trial court's conclusion that appellant poses the greatest likelihood to re-offend is supported by the record. The court stated on the record that appellant had carried a rather large knife for some length of time, appellant was young, and had showed no remorse. I concur with the majority's disposition of Assignment of Error V. As to consecutive sentencing, I disagree with the majority's conclusion. While the judgment entry recites the statutory language, the court's reasons as stated in the sentencing hearing do not factually support the conclusion that the harm caused by the multiple offense was so great or unusual that a single prison term would not adequately reflect the seriousness of the offender's conduct. R.C. 2929.14(E)(4)(b). While the trial court expressed outrage to the senselessness of the act and the devastation the act worked upon the victims and the family of the victims, he does not specifically state his reasons supporting his conclusion as to consecutive sentencing, as required by R.C.2929.19 (B)(2)(c). I would affirm the judgment of conviction, and affirm the imposition of the maximum sentence, but reverse the imposition of consecutive sentences. I concur with the majority's remand for compliance with the provisions of R.C. 2929.19 (B)(3).